IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE L. GARRETT, #N-92748, )<br> )<br>             **Plaintiff,**   )<br>vs.                              )<br> )<br>DR. CHATMAN,                 )<br>SCOTT THOMPSON,     )<br>and ASST. WARDEN LOVE, )<br> )<br>             **Defendants.** )| Case No. 20-239-MAB |

## **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Terrance L. Garrett, a state prisoner currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville") in the Illinois Department of Corrections ("IDOC"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). He claims that he was denied necessary dental care and seeks monetary damages.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of magistrate judge jurisdiction as set forth in the Memoranda of Understanding between this Court and the Illinois Department of Corrections and Wexford.

factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations in the Complaint: On June 24, 2019, Plaintiff sought treatment from Dr. Chatman, the prison dentist, for an abscess on his gum and for pain after a top front tooth had broken off. (Doc. 1, pp. 7, 13). A few years before at a different prison, Plaintiff had a root canal, filling, and cap on this tooth. (Doc. 1, p. 14). Dr. Chatman told Plaintiff that the tooth could be saved by refilling it and replacing the cap or crown. However, the IDOC and Wexford Health Sources would not provide caps, crowns, or bridges for inmates – therefore, the only treatment Dr. Chatman could provide was to extract the tooth and refer Plaintiff for false teeth.

Plaintiff responded that he did not want his tooth to be pulled when it could be saved. Dr. Chatman stated Plaintiff would have to wait until after his release to get the desired treatment outside of prison. Plaintiff protested that he would not get out for 25 more months and explained that the broken tooth was causing abscesses and excruciating pain, which at times prevented him from eating and sleeping. (Doc. 1, pp. 7-8, 13). Dr. Chatman became angry because Plaintiff would not agree to an extraction and did not give Plaintiff any medication for the pain or the abscess.

Plaintiff filed a grievance over this incident (Doc. 1, pp. 14-15) and was called back to see Dr. Chatman on July 17, 2019. Dr. Chatman repeated that a cap or crown was not

available in IDOC. (Doc. 1, p. 8).[2]

On July 30, 2019, Plaintiff filed another grievance because he was still in pain and had another abscess. (Doc. 1, pp. 21-22). He saw Dr. Chatman again and was told he could not get a cap or crown. Plaintiff left the dental office still in pain. (Doc. 1, p. 9).

Plaintiff asserts that the Administrative Review Board's response to his grievance on August 26, 2019, states that treatment "is at the discretion of IDOC physicians." (Doc. 1, pp. 8, 17). Plaintiff spoke to Warden Scott Thompson and Assistant Warden Love about his need for dental treatment; he claims they had the authority to order the dentist to repair the broken tooth but failed to do so. (Doc. 1, pp. 5, 9-10).

Plaintiff claims each Defendant was deliberately indifferent to his need for dental treatment in violation of the Eighth Amendment, and requests monetary damages. (Doc. 1, pp. 7, 11).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference claim against Dr. Chatman, Thompson, and Love for refusing to provide treatment to save and repair Plaintiff's broken front tooth.

Count 2: Eighth Amendment deliberate indifference claim against Dr. Chatman for failing to provide treatment to relieve Plaintiff's dental pain and abscessed gum.

---

[2] The response to Plaintiff's grievance states that because the broken tooth had a root canal and was compromised, it could not be filled, but instead would need a post and crown, which IDOC does not provide. (Doc. 1, pp. 14-16).

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

## Count 1

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Seventh Circuit Court of Appeals has recognized that dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection.").

Here, Plaintiff's chief complaint is that he wanted treatment that would repair and save his tooth – a repeat of the filling and cap/crown that was provided after his previous root canal – instead of the extraction that Dr. Chatman offered. Aside from the problem

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

4

identified in the grievance officer's response, which stated that the tooth was compromised and a filling was not feasible, a prisoner does not have a constitutional right to treatment of his choice. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The facts as described by Plaintiff indicate that the treatment available to him – extraction of the tooth to be followed by a fitting for false teeth – was a reasonable measure to address his condition. Dr. Chatman's plan to treat Plaintiff did not therefore amount to deliberate indifference.[4] For the same reason, Plaintiff does not state a viable deliberate indifference claim against Thompson or Love for their failure to ensure that Plaintiff received the treatment he would have preferred rather than the extraction he was offered.

Count 1 shall be dismissed without prejudice.

**Count 2**

A distinct issue is presented regarding Plaintiff's claim that Dr. Chatman failed or refused to provide him with any treatment for his severe pain or for the abscess on his gum associated with the broken tooth. The Complaint indicates that Plaintiff visited Dr. Chatman 3 times in connection with the tooth problem (June 24, 2019, July 17, 2019, and July 30, 2019) yet the dentist never gave him pain medication or antibiotics for the abscess.

---

[4] Plaintiff also asserts that the IDOC's and Wexford's practice and policy of "pulling teeth that can be saved is constitutionally inadequate." (Doc. 1, p. 9). In light of the Court's conclusion that the plan to extract Plaintiff's tooth did not constitute deliberate indifference, a claim for an unconstitutional policy/practice would have no merit even if Plaintiff had named Wexford as a Defendant. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

(Doc. 1, pp. 8-9, 13-15, 18-19, 21-22).

Dentists know that "a patient [who] has reported an abscess ... needs prompt medical treatment" because if the report is correct, the tooth will "get worse the longer treatment [is] delayed" and the patient will "suffer acutely until the abscess [is] treated." *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940-41 (7th Cir. 2015). "A dentist demonstrates deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable." *Id.* at 940. Further, dental pain alone may amount to a serious medical condition. *Berry*, 604 F.3d at 440.

At this stage, the allegation that Dr. Chatman was aware of Plaintiff's serious pain and abscess yet failed to give him any treatment for these conditions is sufficient to state an Eighth Amendment deliberate indifference claim in Count 2.

## MOTIONS FOR COUNSEL

Plaintiff's motions for recruitment of counsel (Docs. 7, 9), which are identical, are **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motions demonstrate that he has satisfied the first of these, by making a reasonable attempt to obtain counsel. (Doc. 7, pp. 10-16). However, at this early stage, it appears that Plaintiff is competent to litigate the case himself. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). While

Plaintiff states that he has a learning disability and has been diagnosed with serious mental illnesses (PTSD and ASPD) (Doc. 7, p. 1), his Complaint is clear, well-organized, and competently articulates his legal claims. Although the motions are denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1** is dismissed without prejudice. Defendants **THOMPSON** and **LOVE** are **DISMISSED** from this action without prejudice. The motions for recruitment of counsel (Docs. 7, 9) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** against Dr. Chatman survives preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court shall prepare for Defendant **CHATMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health

Insurance Portability and Accountability Act.

    **IT IS SO ORDERED.**

    **DATED: February 16, 2021**

                                      **/s/ Mark A. Beatty**
                                      **MARK A. BEATTY**
                                      **United States Magistrate Judge**

<u>**Notice to Plaintiff**</u>

    The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.