IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE L. GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-239-MAB |
| | ) |
| DR. NATHAN CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiff Terrance Garrett filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 in March 2020 for deprivations of his constitutional rights while incarcerated at Pinckneyville Correctional Center (Doc. 1; Doc. 11). Discovery on the merits of Plaintiff's claims began in early June 2021, (*see* Docs. 28, 29), and Dr. Chapman served written discovery on Plaintiff (*see* Doc. 31; Doc. 31-1). On June 24, 2021, Plaintiff submitted a change of address, reflecting that he had been released from IDOC custody (Doc. 30). When Dr. Chapman did not receive Plaintiff's responses to the written discovery by the July 1, 2021 deadline, defense counsel sent a letter to Plaintiff's new address and provided a second copy of the written discovery requests (Doc. 31; Doc. 31-2). Defense counsel sent a second letter in August 2021 (Doc. 31; Doc. 31-3). Defense counsel still had not heard from Plaintiff by September 8, 2021 and therefore filed a motion to compel (Doc. 31).

The motion was set for a telephonic hearing on October 13, 2021 (Doc. 32). Plaintiff did not file any response to the motion to compel prior to the hearing and also failed to appear at the hearing (Doc. 33). The Court therefore granted the motion to compel and ordered Plaintiff to provide his responses to the written discovery by November 2, 2021 (Doc. 33). After defense counsel notified the Court that Plaintiff blew the deadline (Doc. 34), Plaintiff was ordered to show cause in writing by December 9, 2021 why this case should not be dismissed for failure to prosecute (Doc. 35). He was explicitly warned that if he failed to respond to the order to show cause, this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. (Doc. 35). *See* FED. R. CIV. P. 37(d), 41(b).

To date, Plaintiff has not filed any type of response to the show cause order or made any effort to otherwise communicate with the Court. In fact, the Court has not heard from Plaintiff in any capacity since he filed a notice of his change of address six months ago (*see* Doc. 30).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d

1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. The Court is also mindful of the significant disruptions caused by the COVID-19 pandemic over the last two years. But Plaintiff is nevertheless obligated to comply with Court-imposed deadlines and to communicate with the Court, particularly when the Court demands that he do so. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate.

Consequently, this matter is **DISMISSED** with prejudice pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667

F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: December 20, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
